**UNITED STATES COURT OF APPEALS**
<u>Filed 8/15/96</u>
**TENTH CIRCUIT**

---

G. GEORGE FINLEY, JR.,

      Plaintiff-Appellant,

v.

ARISTEDES W. ZAVARAS,
Executive Director, CAROL
HADLEY; LARRY CURTIS;
COLORADO DEPARTMENT OF
CORRECTIONS; WILLIAM PRICE,
Warden, JAMES ROMANSKI,
Hearing Officer; BEN BLACKMORE,
Reviewing Officer,

      Defendants-Appellees.

No. 96-1005
(D.C. No. 95-B-324)
(Dist. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

Mr. G. George Finley, Jr. filed this pro se action under 42 U.S.C. § 1983, alleging that the Colorado Department of Corrections and several state officials violated his due process and Eighth Amendment rights.  The district court granted defendants' motion to dismiss Mr. Finley's complaint for failure to state a claim upon which relief can be granted.  Mr. Finley then filed this timely appeal.[1]

The Due Process Clause requires Mr. Finley to first assert the infringement of a protected liberty interest.  Kentucky Dep't. of Corrections v. Thompson, 490 U.S. 454, 460 (1989).  A protected liberty interest may arise from either the Due Process Clause itself or from the laws of a State.  Id.  Disciplinary segregation does not implicate a protected liberty interest under the Due Process Clause itself.  Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). Moreover, the Supreme Court has held a prisoner's "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."  Sandin, 115 S. Ct. at 2301.

The Eighth Amendment requires Mr. Finley to show that defendants were both "aware of facts from which the inference could be drawn that a substantial

---

[1] The district court granted Mr. Finley's motion for leave to proceed in forma pauperis on appeal.

-2-

risk of serious harm exists, and [that they made] the inference." <u>Farmer v. Brennan</u>, 114 S. Ct. 1970, 1979 (1994).

We have reviewed the record and Mr. Finley's assertions. We are not persuaded the district court erred in granting defendants' motion to dismiss.[2] Accordingly, we AFFIRM substantially for the reasons given by the magistrate judge in his report and recommendation, as adopted by the district court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[2] We decline to consider the factual and legal issues Mr. Finley raises for the first time on appeal. <u>See</u> <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 299 n.8 (10th Cir. 1994).